UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| NORTHAMPTON INTERNAL MEDICINE ASSOCIATES, P.C., <br><br> Plaintiff, <br><br> v. <br><br> GENERAL ELECTRIC COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CIVIL ACTION <br> NO. 05-30090-MAP |

**ASSENTED-TO MOTION BY GENERAL ELECTRIC COMPANY
FOR LEAVE TO FILE REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS UNDER RULE 12(b)(6)**

Defendant General Electric Company ("GE") moves pursuant to Local Rule 7.1(b)(3) for leave to file the reply memorandum attached hereto in support of its motion to dismiss. As grounds for this motion, GE states that this short reply may help to frame the issues presented to the Court by this motion by responding briefly to matters raised by NIMA's opposition memorandum.

RULE 7.1 CERTIFICATION

Counsel for Plaintiff Northampton Internal Medicine Associates, P.C. ("NIMA") assents to the filing of this motion.

Dated: July 29, 2005

/s/ Robert H. Stier, Jr.
Robert H. Stier, Jr. (BBO#646725)
Margaret Minister O'Keefe
PIERCE ATWOOD LLP
One Monument Square
Portland, ME 04101
(207) 791-1100
*Attorneys for Defendant*

{W0378646.1}

CERTIFICATE OF SERVICE

      I hereby certify that on June 29, 2005, I electronically filed a copy of the above paper with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

        Keith A Minoff, Esq.
        Robinson Donovan, P.C.
        1500 Maine Street, Suite 1600
        Springfield, Massachusetts 01115

        /s/ Robert H. Stier, Jr.
        Robert H. Stier, Jr. (BBO#646725)

{W0378646.1}

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| NORTHAMPTON INTERNAL MEDICINE ASSOCIATES, P.C., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GENERAL ELECTRIC COMPANY, )<br>)<br>Defendant. )<br>_____ ) | CIVIL ACTION<br>NO. 05-30090-MAP |

**REPLY MEMORANDUM BY DEFENDANT IN SUPPORT OF ITS
MOTION TO DISMISS UNDER RULE 12(b)(6)**

Defendant General Electric Company ("GE") respectfully submits this reply memorandum in support of its motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted.

In its opposition, NIMA does not challenge the authenticity, validity or effectiveness of either the Electronic Data Interchange ("EDI") Agreement or the End User License Agreement ("EULA") for the MPM software.  It is beyond dispute that NIMA executed both agreements, and that both agreements select Dallas County, Texas as the exclusive forum for the resolution of disputes.  But NIMA now tries to avoid the plain consequences of these agreements that it entered by arguing, first, that its claims are not related to the EDI Agreement and the EULA, and second, that if these agreements do apply, their forum selection clauses should not be enforced.

NIMA first tries to ignore the EDI Agreement and EULA by asserting that its contract action is premised on a purchase order and a single page technical support agreement.  NIMA does not contend that the EDI Agreement and EULA are inconsistent

with the purchase order or technical support agreement, but it chooses to focus on the latter two documents because neither one contains a forum selection clause. But NIMA cannot simply pick and choose among the agreements it entered, ignoring the contracts that contain provisions that it now would prefer to avoid. It is particularly disingenuous for NIMA to assert that its claims are based upon a purchase order rather than on the software license which is the very subject of that purchase order. But even if NIMA were correct that its action is only "based on" the purchase order and support agreement, the provisions of the EDI Agreement and EULA still apply because NIMA's lawsuit also "relates" to those agreements.

      NIMA's present claims obviously relate to both of these agreements. As an example, the complaint avers in paragraph 15 that "[b]etween April, 2003 and June, 2003, as a direct result of defects in the MPM software and Millbrook's failure to provide necessary technical support and corrective solutions, NIMA had numerous claims rejected by third-party payors." The insurance claims at issue were transmitted using the Millbrook EDI services which are the subject of the EDI Agreement. That agreement contains a clear limitation of liability for electronic claims submissions (paragraph 3). Moreover, its forum selection clause concerns "any dispute arising out of this agreement *or any matter related hereto.*" (Emphasis supplied.) Similarly, the EULA is plainly implicated by NIMA's claim that the MPM software is defective. The EULA deals expressly with allegations of defect (paragraph 2.1) and also requires that "any dispute arising out of this agreement *or any matter related hereto*" is to be filed in Dallas County, Texas, which each party accepts as the exclusive jurisdiction and venue for the action. (Emphasis supplied.)

In short, at the very least, NIMA's lawsuit relates to the subject matter of the EDI Agreement and the EULA. NIMA expressly agreed that any such action would be filed in Dallas County, Texas. Its failure to do so here requires the dismissal of this action.[1]

But NIMA argues next that the forum selection clauses should not be enforced. It cites *Firemen's Fund Amer. Ins. Cos. v. Puerto Rico Forwarding Co., Inc.*, 492 F.2d 1294 (1st. Cir. 1974) for the proposition that a forum selection clause "will not be enforced if one of the parties would suffer such serious inconvenience in litigating in the selected forum that it is effectively deprived of its day in court." In fact, the case supports the "normal rule with respect to choice-of-forum clauses … that they should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Id.* at 1296. The burden is clearly on NIMA to show "unreasonableness." And as this district noted in another case cited by NIMA, *Doe v. Seacamp Ass'n, Inc.*, 276 F.Supp. 222, 225 (D. Mass. 2003): "However the factors are articulated, the [plaintiff's] burden in resisting the forum selection clause is a heavy one." As the court noted,

> the standard for declining to enforce a forum selection clause because of inconvenience to one of the parties does not apply to situations in which it simply may be difficult or expensive for the party seeking an alternative forum to litigate in the contractual forum. Rather, the [plaintiffs] must be able to show that they would suffer "such serious inconvenience in litigating in the selected forum that [they are] effectively deprived of [their] day in court."

*Id*. at 226. There, the court required a Massachusetts individual, the victim of a "traumatic and humiliating assault," to pursue his claim against the defendant in Florida despite the obvious cost and inconvenience.

---

[1] As GE noted in its initial memorandum, contract-related tort claims involving the same operative facts – here the alleged "defects and shortcomings" in the software that allegedly prevented it from operating as allegedly represented (Complaint, ¶ 32) – should also be heard in the forum selected by the parties.

There is no greater reason to depart from the normal rule here.  The EDI Agreement and EULA both expressly provide that they are governed by and construed in accordance with Texas law.  The EDI Agreement provides, even further, that it "has been accepted by a licensee at Dallas, Texas."  The Millbrook operations are located in Carrollton, Texas, near Dallas, which is why that particular forum was selected.  Thus, essentially all of defendant's pertinent witnesses and records are located in Texas.  As an example, Lisa Brown, characterized by NIMA as defendant's "contact person for all technical issues involving the Millbrook system," Oppos. at 5-6, works out of the Carrollton, Texas office.  *See* Oppos., Exhibit 3.

NIMA's *only* effort to meet its heavy burden is a single conclusory paragraph in the affidavit of one of its doctors, who asserts that litigating the case in Texas would require its "physicians and office staff to travel thousands of miles to testify at trial, effectively requiring NIMA to close its offices and deprive its patients of necessary medical care."  Schiffman Affidavit, ¶ 8.  That is plainly an exaggeration.  There is no real need for any of NIMA's physicians to testify here, much less to close their practices and travel to Texas – the electronic payment system was clearly handled for NIMA by its office manager, Roxanne Haber, not the doctors.  It is Ms. Haber who signed all the agreements that are at issue.  The doctors are not likely to have relevant information about software and electronic claims processing.  These are business (even clerical) issues, not medical questions.

Moreover, even if the doctors were not completely marginal to this litigation, any concerns about the inconvenience of travel could easily be addressed by conducting videotaped depositions at their offices in Massachusetts.  That is how the court resolved a

similar concern in *Doe*, 276 F.Supp. at 226, and how most doctors already testify in other litigation.

In short, NIMA fails to meet its burden to show that litigating this action in Texas would deprive it of its day in court. Accordingly, the forum selection clauses should be enforced and this action should be dismissed.

Although the court need not reach the issue of the proper defendant, this action plainly should have been brought against the party that entered the contracts at issue – that is, Millbrook.

The two cases cited by NIMA do not suggest a contrary result. *W.W. Britton v. S.M. Hill Co.*, 327 Mass. 335, 98 N.E.2d 637 (1951), concerned payment for auto repair services furnished to defendant's sister corporation. The other case, *My Bread Baking Co. v. Cumberland Farms, Inc.*, 353 Mass. 614, 233 N.E.2d 748 (1968), involved a conversion carried out on behalf of a sales manager by satellite companies acting as agents for Cumberland Farms. In that case, the court noted that circumstances may "warrant some disregard of separate entities *in rare particular situations in order to prevent gross inequity*." (Emphasis supplied.)[2]

Both cases involved liability arising out of a confusion generated by separate ongoing businesses. None of the alleged liability here flows from such confusion. Here, GE only became involved as a *successor* owner of Millbrook. The contracts that form the basis of count I of the complaint are admittedly Millbrook contracts (GE is incorrectly asserted to be a successor to those obligations). Complaint, ¶18. The warranties that form

---

[2] NIMA omits this important qualification in its discussion of the case.

the basis of count II of the complaint are Millbrook warranties. Complaint, ¶¶ 23-25. The alleged misrepresentations that form the basis of count III of the complaint are admittedly Millbrook's. Complaint, ¶¶ 29-33. GE is only named as a successor to Millbrook. Complaint, ¶ 35. Ironically, the primary justification for continuing this action against GE rather than Millbrook seems to be that GE employees tried to fix the problems that NIMA was experiencing, *see* Schiffman Affidavit, ¶¶ 4-6 – but none of that assistance is alleged to have caused any losses for NIMA.

      This is not the rare situation where the named defendant must be included in the action to prevent an inequity. There is no question of Millbrook's solvency. As the owner of Millbrook, GE would ultimately be responsible to pay any judgment. So why was this case filed against GE and not Millbrook? NIMA has apparently framed the pleadings in this manner to position itself as a small local plaintiff taking on one of the country's largest and best known corporations – rather than taking on a small software business located in Carrollton, Texas, which had a legitimate interest in entering and enforcing forum selection clauses in its agreements. This brings us back to the fundamental reason why this case deserves to be dismissed – because that result does justice to the agreements that the parties made when they entered their contractual relationship.

{W0377446.1}                                  6

*Conclusion*

For all the reasons set forth above and in the memorandum filed in support of this motion, plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted.

Dated: July 29, 2005

/s/ Robert H. Stier, Jr.
Robert H. Stier, Jr. (BBO#646725)
Margaret Minister O'Keefe
PIERCE ATWOOD
One Monument Square
Portland, ME  04101
(207) 791-1100
*Attorneys for Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2005, I electronically filed a copy of the above paper with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Keith A Minoff, Esq.
Robinson Donovan, P.C.
1500 Maine Street, Suite 1600
Springfield, Massachusetts 01115

/s/ Robert H. Stier, Jr.
Robert H. Stier, Jr. (BBO#646725)